Alison P. Adema, SBN 149285
HAHN & ADEMA
501 West Broadway, Suite 1600
San Diego, California 92101-8474
Telephone (619) 235-2100
Facsimile  (619) 235-2101

Attorneys for Lucent Technologies Inc.
and Multimedia Patent Trust

*Additional counsel listed on the last page*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST,<br><br>　　　　　　Plaintiff,<br>　　v.<br>MICROSOFT CORPORATION,<br><br>　　　　　　Defendant. | Case No.  06-CV-0684-B (CAB)<br><br>**AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |
| MICROSOFT CORPORATION,<br><br>　　　　　　Counter-claimant,<br>　　v.<br>LUCENT TECHNOLOGIES INC.,<br><br>　　　　　　Counter-defendant. | |

### **AMENDED COMPLAINT**

Plaintiff Multimedia Patent Trust for its complaint against Microsoft Corporation ("Microsoft") hereby demands a jury trial and alleges as follows:

### **Parties**

1.　　Plaintiff Multimedia Patent Trust is a Delaware Statutory Trust organized under the Delaware Statutory Trust Act, 12 Del. C. §§ 3801, *et seq.*, having as trustee Mr. Gerard A. deBlasi, an individual having a business address of 991 Route 22 West, Bridgewater, NJ, 08807.

2. On information and belief, Defendant Microsoft Corporation ("Microsoft") is a corporation organized under the laws of the state of Washington, with its principal place of business at One Microsoft Way, Redmond, WA 98052.

3. Microsoft makes, uses, sells, and offers for sale in the United States, and imports into the United States, computer software, video-game computer systems, components, and accessories.

**Nature of the Action**

4. This is a civil action for infringement of United States Patent No. 5,227,878. This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**Jurisdiction and Venue**

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Microsoft has committed acts of infringement in this district and because Microsoft is subject to personal jurisdiction in this district.

**The Patent-in-Suit**

7. United States Patent No. 5,227,878 (the "Puri '878 Patent"), entitled "Adaptive Coding and Decoding of Frames and Fields of Video," was duly and legally issued on July 13, 1993, to Puri et al. A Certificate of Correction to the Puri '878 Patent was duly and legally issued on October 25, 2005. A copy of the Puri '878 Patent, with Certificate of Correction, is attached hereto as Exhibit A. The Puri '878 Patent, with Certificate of Correction, is referred to herein as the "Patent-in-Suit."

8. This action was originally filed on March 28, 2006 by Lucent Technologies Inc., a corporation organized under the laws of the state of Delaware with its principal place of business at 600 Mountain Avenue, Murray Hill, NJ 07974. Lucent is a leading global supplier of computer and communications equipment, including data, software, voice, and wireless-networking technologies. Researchers at Lucent's Bell Laboratories have developed a wide variety of key

innovations that have greatly enhanced the ability to send and receive vast amounts of information in an efficient manner.

9. Lucent and Microsoft are presently involved in another patent-infringement action in this district, *Microsoft Corporation v. Lucent Technologies Inc.*, Case No. 03-CV-0699-B (CAB), in which Lucent alleges that Microsoft has infringed and is infringing several Lucent patents. Microsoft commenced that action by filing a declaratory-judgment complaint on April 8, 2003.

10. The Puri '878 Patent was among those patents for which Microsoft sought a declaratory judgment of noninfringement and invalidity. On August 9, 2005, Judge Rudi M. Brewster granted summary judgment of invalidity of claims 13-17 of the Puri '878 Patent based on a typographical error in claim 13 as printed by the United States Patent & Trademark Office ("USPTO").

11. Lucent sought a Certificate of Correction from the USPTO to correct the typographical error. The USPTO issued that Certificate of Correction on October 25, 2005. Under 35 U.S.C. § 254, the Puri '878 Patent, "together with such certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form."

12. Since the Certificate of Correction issued, Microsoft has infringed, directly and indirectly, the Patent-in-Suit. For example, in November 2005 — nearly a month after the Certificate of Correction to the Puri '878 Patent issued — Microsoft released its XBox 360 video-game system, which includes "out of the box" MPEG-2 decoding capability that infringes at least claims 13 and 15 of the Patent-in-Suit.

13. While the Court held in Case No. 03-CV-0699-B (CAB) that Lucent would not be allowed to assert claims for infringement of the '878 patent in that action, the Court noted that its "decision [was] without prejudice to Lucent filing a separate action alleging infringement of the '878 patent by any of the defendants in this action, and in that event any discovery obtained in this case relevant to the '878 case shall be useable as though obtained in the later filed '878 case." (January 11, 2006 Second Modified Scheduling Order And Extension of Discovery, D.I. 388 in consolidated Case No. 02-CV-20608 (CAB)).

14. Lucent, which owned the Patent-in-Suit with the right to sue for past infringement, thereafter filed this action against Microsoft for infringement of the Patent-in-Suit on March 28, 2006.

15. On November 28, 2006, Lucent entered into a Patent Assignment with Multimedia Patent Trust. Pursuant to that Patent Assignment, Lucent assigned its entire right, title, and interest in and to the Patent-in-Suit to Multimedia Patent Trust, including the right to sue for past infringement.

16. Multimedia Patent Trust presently owns the Patent-in-Suit, with the right to sue for past infringement.

17. On January 8, 2007, this Court granted leave to add Multimedia Patent Trust to this action under Fed. R. Civ. P. 25(c).

## COUNT I

### (Patent Infringement of United States Patent No. 5,227,878)

18. Paragraphs 1 through 17 are incorporated by reference as if stated fully herein.

19. The Patent-in-Suit is valid and enforceable.

20. Since October 25, 2005 and continuing to the present, Microsoft has made, used, sold, and offered for sale, products that infringe at least one claim of the Patent-in-Suit. For example, in November 2005, Microsoft released its XBox 360 video-game system, which includes "out of the box" MPEG-2 decoding capability that infringes at least claims 13 and 15 of the Patent-in-Suit.

21. Since October 25, 2005 and continuing to the present, Microsoft has also contributed to and/or induced the infringement, of at least one claim of the Patent-in-Suit.

22. Although Lucent notified Microsoft of its infringement of the Patent-in-Suit, Microsoft continued its infringement after receiving this actual notice.

23. Microsoft's infringement of the Patent-in-Suit was, and continues to be, willful.

24. Multimedia Patent Trust has been damaged by Microsoft's infringement of the Patent-in-Suit and will suffer irreparable injury unless the infringement is enjoined by this Court.

**Prayer for Relief**

**WHEREFORE**, Multimedia Patent Trust prays for judgment as follows:

A. That Microsoft has willfully infringed the Patent-in-Suit;

B. That Microsoft, its officers, agents, and employees, and those persons in active concert or participation with Microsoft, and its successors and assigns be permanently enjoined from infringement, inducement of infringement, and contributory infringement of the Patent-in-Suit, including but not limited to making, importing, using, offering for sale, or selling any devices or systems that infringe, or using processes that infringe, the Patent-in-Suit before the expiration date of the patent;

C. That Multimedia Patent Trust be awarded all damages adequate to compensate it for Microsoft's infringement of the Patent-in-Suit, such damages to be determined by a jury and, if necessary to adequately compensate Multimedia Patent Trust for the infringement, an accounting, and that such damages be trebled and awarded to Multimedia Patent Trust with prejudgment interest;

D. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Multimedia Patent Trust be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

E. That Multimedia Patent Trust be awarded such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Multimedia Patent Trust demands a trial by jury on all issues triable of right by a jury.

| | | |
|---|---|---|
| Dated: January 26, 2007 | By: | s/Alison P. Adema |
| | | Alison P. Adema |
| | | HAHN & ADEMA |

John M. Desmarais (admitted *pro hac vice*)
Robert A. Appleby (admitted *pro hac vice*)
James E. Marina (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for Lucent Technologies Inc. and Multimedia Patent Trust