1
2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST,<br><br>     Plaintiff,<br><br>     v.<br><br>MICROSOFT CORPORATION,<br><br>     Defendant. | Case No. 06-CV-0684 H (CAB)<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN MICROSOFT CORPORATION, LUCENT TECHNOLOGIES, INC. ALCATEL-LUCENT, AND THE MULTIMEDIA PATENT TRUST** |
| MICROSOFT CORPORATION,<br><br>     Counter-claimant,<br><br>     v.<br><br>LUCENT TECHNOLOGIES INC., ALCATEL-LUCENT, and the MULTIMEDIA PATENT TRUST,<br><br>     Counter-defendants. | Hon. Marilyn L. Huff |

1     WHEREAS, the parties in the above-captioned actions believe that discovery may involve
2 the disclosure of confidential, trade secret, proprietary, technical, scientific, business, or financial
3 information of a party or of a non-party;
4     WHEREAS, the parties desire to establish a mechanism to protect the disclosure of such
5 information in these actions;
6     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY**
7 **ORDERED THAT**:
8     1.     For purposes of this Protective Order, the following definitions shall apply:
9     (a)     The term "DOCUMENT" shall have the full meaning ascribed to it by the Federal
10 Rules of Civil Procedure and shall include without limitation any records, exhibits, reports, samples,
11 transcripts, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings,
12 company records and reports, answers to Interrogatories, responses to requests for admissions, or
13 motions, including copies or computer-stored versions of any of the foregoing.
14     (b)     The term "DISCLOSING PARTY" is defined herein as any party or non-party who
15 is requested to produce or produces documents or testimony containing confidential information.
16     (c)     The term "CONFIDENTIAL INFORMATION" is defined herein as information
17 which has not been made public, the disclosure of which the disclosing party contends could cause
18 harm to the business operations of the disclosing party or provide improper advantage to others,
19 including but not limited to, trade secrets within the meaning of the Uniform Trade Secrets Act.  For
20 the avoidance of doubt, the term "trade secrets," as used in this paragraph, does not include "source
21 code," which is covered by Paragraphs 1(d), 2(a) and 2(b).
22     (d)     The term "OUTSIDE COUNSEL ONLY INFORMATION" is defined herein as
23 CONFIDENTIAL INFORMATION that is commercial, financial or marketing in nature and that
24 the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to
25 an employee of a receiving party would reveal business or financial information or advantages of
26 the disclosing party.  It includes information that the designating party reasonably and in good faith
27 believes has significant competitive value and that relates to (1) current business/strategic plans, (2)
28 sales, cost and price information including future sales/financial projections, (3) non-public

1  marketing information including future marketing plans, (4) detailed sales and financial data,
2  (5) customer lists, (6) other information of competitive, financial, or commercial significance
3  comparable to the items listed in this paragraph, or (7) non-public computer source code, including
4  any proprietary software source code or firmware source code.  The disclosure of documents and
5  information covered by item (7) of this paragraph shall be controlled by Paragraphs 2(a) and 2(b)
6  concerning source code.  For the avoidance of doubt, item (6) of this paragraph includes documents
7  related to licensing, licensing policies, and licensing negotiations.
8          (e)     "Outside Service Organization" is defined herein as an individual or organization
9  that provides photocopying, document processing, translation or graphics services to counsel as part
10 of discovery or preparation and trial of these actions.
11         (f)     "Support Staff" is defined herein as permanent employees of counsel for the parties,
12 including paralegals, clerical personnel and secretarial personnel.
13         (g)     "Mock Jurors and Jury Consultants" are defined as mock jurors or jury consultants
14 retained by a party in preparation for trial for this litigation.  For any jury research, an appropriate
15 screening must be used to ensure that the jury consultant(s) and mock jurors chosen for any mock
16 jury are not current or former officers, directors, employees or consultants of any party or direct
17 competitors of any party.  Each mock juror or jury consultants must agree to be bound by the terms
18 of this protective order and must execute the agreement in Exhibit A.  The party retaining the mock
19 jurors or jury consultants shall retain the executed agreements.
20         2.      If, in the course of this litigation, a party undertakes or is caused to disclose what the
21 disclosing party contends is CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL
22 ONLY INFORMATION, the procedures set forth herein shall be employed and the disclosure
23 thereof shall be subject to this Protective Order.  CONFIDENTIAL INFORMATION shall be used
24 solely in the preparation, prosecution or trial of Case No. 06-CV-0684 (CAB).
25         (a)     Production of OUTSIDE COUNSEL ONLY INFORMATION comprising computer
26 source code, related either to software or firmware, is subject to the following provisions:
27
28

1             (i)    The receiving party shall identify to the disclosing party which features of the
2    disclosing party's accused software, or firmware, infringe specific claims of the receiving party's
3    patents.
4             (ii)   If the receiving party has fulfilled the requirements of subsection (i) of this
5    paragraph, the disclosing party shall provide to the receiving party the source code for the
6    module(s) or portion(s) corresponding to the features that the receiving party alleges infringe its
7    patent claims.
8        (b)    For the avoidance of doubt, "source code" includes, but is not limited to, source files,
9    make files, intermediate output files, header files, resource files, library files, module definition
10   files, map files, object files, linker files, browse info files, and debug files.
11       3.     By entering this Order and limiting the disclosure of information in this case, the
12   Court does not intend to preclude another court from finding that any information may be relevant
13   and subject to disclosure in another case.  Any person or party subject to this Order that may be
14   subject to a motion to disclose another party's information designated under one of the categories of
15   confidentiality pursuant to this Order, shall promptly notify that party of the motion so that it may
16   have an opportunity to appear and be heard on whether that information should be disclosed.
17       4.     Any document which contains CONFIDENTIAL INFORMATION should be so
18   designated by the disclosing party prior to or at the time of disclosure by placing the notation
19   "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" on every page of each document so
20   designated.  In the case of CONFIDENTIAL INFORMATION disclosed in a non-paper medium,
21   (*e.g.*, videotape, audiotape, computer disks, etc.), the notation "CONFIDENTIAL" or "OUTSIDE
22   COUNSEL ONLY" should be placed on the medium, if possible, and its container, if any, so as to
23   clearly give notice of the designation.  Such designation is deemed to apply to the document itself
24   and to the CONFIDENTIAL INFORMATION contained therein.  If any items produced in a non-
25   paper medium are printed out by the receiving party, the receiving party must mark each page of the
26   printed version with the confidentiality designation.
27       5.     The inadvertent failure to designate CONFIDENTIAL INFORMATION as
28   "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" prior to or at the time of disclosure shall

not operate as a waiver of a disclosing party's right to designate said information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY."  In the event that CONFIDENTIAL INFORMATION is designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" after disclosure, a receiving party shall employ reasonable efforts to ensure that all such information is subsequently treated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" pursuant to the terms of this Protective Order.  Disclosure of such CONFIDENTIAL INFORMATION to persons not authorized to receive that information prior to receipt of the confidentiality designation shall not be deemed a violation of this Protective Order.  However, in the event the document has been distributed in a manner inconsistent with the designation, a receiving party will take the steps necessary to conform distribution to the designation:  i.e., returning all copies of the "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" document, or notes or extracts thereof, to the persons authorized to possess such documents.  In the event distribution has occurred to a person not under the control of a receiving party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing.  In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a useless act, the party shall promptly notify the disclosing party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

6.   Access to CONFIDENTIAL INFORMATION, not including OUTSIDE COUNSEL ONLY INFORMATION, shall be limited to the following individuals:  (a) counsel of record in these actions (including counsel's Support Staff and Outside Service Organizations); (b) court reporters and videographers taking testimony and their support personnel; (c) the Court and any authorized Court Personnel; (d) Mock Jurors and Jury Consultants; (e) independent consultants and experts retained by counsel for assistance with respect to this litigation who are designated by each party respectively pursuant to paragraph 10 below, including such consultant's or expert's necessary clerical and support staff; and (f) no more than five (5) officers or employees (including in-house counsel) designated by each party respectively pursuant to paragraph 16 below.

1    7.    In no event shall CONFIDENTIAL INFORMATION be stored at any business
2 premises of the receiving party unless such information is stored in a secured area and accessible
3 only to persons eligible to review such information.

4    8.    Access to OUTSIDE COUNSEL ONLY INFORMATION, other than papers or
5 pleadings filed with the Court (but excluding exhibits attached to such papers and pleadings), shall
6 be limited to the following individuals:  (a) counsel of record in these actions (including counsel's
7 Support Staff and Outside Service Organizations, but not in-house counsel); (b) court reporters and
8 videographers taking testimony and their support personnel; (c) the Court and any authorized Court
9 Personnel; (d) Mock Jurors and Jury Consultants; and (e) independent consultants and experts
10 retained by counsel for assistance with respect to this litigation who are designated by each party
11 respectively pursuant to paragraph 10 below, including such consultant's or expert's necessary
12 clerical and support staff.

13    9.    Papers or pleadings, including briefs and declarations or affidavits, but excluding
14 exhibits to such papers, filed with the Court, and drafts thereof, which contain or refer to OUTSIDE
15 COUNSEL ONLY INFORMATION shall be treated as if designated CONFIDENTIAL
16 INFORMATION, in order to permit litigation counsel to adequately communicate with their
17 respective clients and keep their clients informed as to the status and progress of the litigation.
18 OUTSIDE COUNSEL ONLY INFORMATION shall not be stored at any business premises of any
19 party.

20    10.   Prior to disclosing any CONFIDENTIAL INFORMATION, including OUTSIDE
21 COUNSEL ONLY INFORMATION, to outside experts or consultants, the party seeking to disclose
22 such information shall provide the other party with:  (i) the name of the person; (ii) the present
23 employer and title of the person; (iii) an up-to-date curriculum vitae of the person; and (iv) an
24 identification of any work performed for or on behalf of the other party by that person within the six
25 (6) year period before the filing of the above-captioned action.  This information shall be sent by
26 facsimile.  Within five (5) business days of receipt of this information, the other party may object to
27 the proposed outside expert or consultant on a reasonable basis.
28

1	(a)	If objection to disclosure is made within the time required, the plaintiff and
2	defendant shall meet and confer within five (5) business days; and, if not resolved, the party
3	disclosing the information shall move for a protective order precluding the disclosure of the
4	information to the designated expert or consultant within five (5) business days after the meet and
5	confer;
6	(b)	Where objection is made, no such information shall be disclosed to the consultant or
7	expert until the day after the last day to file a motion for a protective order (where no protective
8	order is sought), or upon entry of the Court's order denying the producing party's motion for
9	protection.
10	(c)	Failure to object to a proposed outside expert or consultant shall not preclude the
11	nonobjecting party from later objecting to continued access by that outside expert or consultant
12	where facts suggesting a basis for objection could not have been discovered by the objecting party
13	or its counsel, exercising due diligence, within the period for making a timely objection.  If a later
14	objection is made, no further CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL
15	ONLY INFORMATION, shall be disclosed to the outside expert or consultant until the matter is
16	resolved by the court or the producing party withdraws its objection.  If an objection is made, the
17	plaintiff and defendant shall meet and confer within five (5) business days; and, if not resolved, the
18	party disclosing the information shall move for a protective order precluding the disclosure of the
19	information to the designated expert or consultant within five (5) business days after the meet and
20	confer.
21	11.	CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY
22	INFORMATION, or the substance or context thereof, including any notes, memoranda or other
23	similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally,
24	to anyone other than persons permitted to have access to such information under this Order.
25	Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel for the
26	receiving party from providing to the client informed and meaningful advice solely with respect to
27	these actions or to prevent counsel from aggregating such information or summarizing such
28	information for the client so long as it will not reveal or disclose competitively useful information,

1    such as trade secrets, source code, research and development projects, marketing plans and

2    strategies, testing information and customer-specific information.

3        12.    Nothing herein is intended to prevent showing a document designated as

4    "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" to a person who the document indicates is

5    an author or authorized recipient of the document.  No copies of such documents shall be given to

6    such individuals for them to retain.  During deposition or trial testimony, counsel may disclose

7    documents produced by a party to current employees and officers of the disclosing party.

8        13.    A disclosing party will use reasonable care to avoid designating any document or

9    information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" which is not entitled to such

10   designation or which is generally available to the public.

11       14.    Any receiving party disagreeing with the designation of any document or

12   information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall notify the disclosing

13   party in writing.  The disclosing party shall then have a reasonable period, not exceeding fourteen

14   (14) days, from the date of receipt of such notice to:  (1) advise the receiving party whether or not

15   the disclosing party persists in such designation; and (2) if the disclosing party persists in the

16   designation, to explain the reasons for the particular designation.  The receiving party may then,

17   after advising the disclosing party, move the Court for an order removing the particular designation

18   and replacing it with a different designation or no designation.  The party asserting that the

19   document or information is "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall have the

20   burden of proving that the designation is proper.  Information designated "CONFIDENTIAL" or

21   "OUTSIDE COUNSEL ONLY" by a disclosing party shall be treated as such by a receiving party

22   unless otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate

23   court, should appellate review be sought.

24       15.    The failure of a receiving party to expressly challenge a claim of confidentiality or

25   the designation of any document or information as "CONFIDENTIAL" or "OUTSIDE COUNSEL

26   ONLY" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent

27   time that the same is not in fact confidential or not an appropriate designation for any reason.

28

1       16.     Each party may designate up to five (5) employees (including in-house counsel) not
2  involved in product design or patent prosecution, and who have no current plans or intentions to
3  become involved in product design or patent prosecution, who shall be allowed to examine
4  documents produced by the opposing party that have been designated "CONFIDENTIAL."  Notice
5  of the names, titles and job responsibilities at present and for the last three (3) years of those
6  employees shall be served upon the other parties after entry of this Order.  Service shall be made by
7  facsimile.  No CONFIDENTIAL INFORMATION shall be disclosed to those employees unless,
8  after five (5) business days from date of receipt of the notice of the employee's name, title and job
9  responsibilities, the disclosing party has not objected to disclosure of the information to the
10 designated employee.  Objections must be reasonable.
11      (a)     If objection to disclosure is made within the time required, the parties shall meet and
12 confer within five (5) business days; and, if not resolved, the objecting party shall move for a
13 protective order precluding the disclosure of the information to the designated employee within five
14 (5) business days after the meet and confer.
15      (b)     Where objection is made, no such information shall be disclosed to the employee
16 until the day after the last day to file a motion for a protective order (where no protective order is
17 sought), or upon entry of the Court's order denying movant's motion for a protective order (where a
18 protective order is sought).
19      17.     If an attorney for any receiving party desires to give, show, make available or
20 communicate (a) any document or information designated "CONFIDENTIAL" to a person not
21 authorized by paragraph 6 to receive such documents or (b) any document or information
22 designated "OUTSIDE COUNSEL ONLY" to a person not authorized by paragraph 8 to receive
23 such documents, the attorney must first disclose that person's name, a statement of that person's
24 responsibilities that require access to such information, a specific identification of the information
25 to which access is required by document identification number or other specific reference, and a
26 brief statement as to why such access is necessary.  Service shall be made by facsimile.  The
27 producing party shall have five (5) days after receiving the above-described information to object in
28 writing to such disclosure.  Pending resolution of any informal or formal petition for disclosure, no

1  disclosure shall be made to such person.  If the disclosing party who so designated the document
2  refuses to give its consent, the disclosing and receiving parties shall confer to attempt to resolve the
3  reasons for withholding consent.  If an agreement cannot be reached, the receiving party desiring
4  disclosure of the confidential document or information may petition the Court for an order granting
5  disclosure.
6        18.    Each person to whom documents or information designated as "CONFIDENTIAL"
7  or "OUTSIDE COUNSEL ONLY" is made available under the terms of this Protective Order (other
8  than counsel for the parties, counsel's Support Staff, Outside Service Organizations, the Court and
9  authorized Court Personnel, court reporters and videographers taking testimony and their support
10 staff), must sign an agreement in the form attached hereto as Exhibit A.  Except for Mock Jurors
11 and Jury Consultants, a copy of each executed agreement shall be delivered to opposing counsel at
12 least five (5) days prior to any disclosure of such information.
13       19.    If during the course of any deposition, and not later than fourteen (14) days after the
14 receipt of a written transcript of such deposition, counsel for any disclosing party asserts (either on
15 the record at the deposition or in writing after the deposition) that the deposition transcript, or any
16 specific inquiry, or an answer to a specific inquiry is subject to the designation "CONFIDENTIAL"
17 or "OUTSIDE COUNSEL ONLY" that transcript, inquiry, or answer shall be treated as provided by
18 this Protective Order for documents designated "CONFIDENTIAL" or "OUTSIDE COUNSEL
19 ONLY."
20       20.    Counsel for any disclosing party shall have the right to exclude from oral
21 depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any),
22 any person who is not authorized by this Protective Order to receive documents or information
23 designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY."  Such right of exclusion shall
24 be applicable only during periods of examination or testimony directed to or comprising
25 "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" information.
26       21.    Any court reporter or videographer who records testimony in these actions at a
27 deposition shall be provided with a copy of this Protective Order by the party noticing the
28 deposition.  That party shall advise the court reporter or videographer, before any testimony is

1  taken, that all documents, information, or testimony designated "CONFIDENTIAL" or "OUTSIDE
2  COUNSEL ONLY" is and shall remain confidential and shall not be disclosed except as provided in
3  this Protective Order.  The noticing party shall further advise the court reporter and videographer
4  that copies of all transcripts, reporting notes and all other records of any such testimony must be
5  treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal
6  with the Court.

7       22.     Nothing shall be filed under seal with the Court, and the Court shall not be required
8  to take any action, without separate prior order by the magistrate judge, after application by the
9  affected party with appropriate notice to opposing counsel.  In the event that CONFIDENTIAL
10 INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, is included with, or
11 the contents thereof are in any way disclosed in, any pleading, motion, deposition, transcript or
12 other paper a party files with the Clerk of this Court, the party may make an advance or
13 simultaneous application to the magistrate judge to have such paper filed under seal.

14      (a)     To the extent that the CONFIDENTIAL INFORMATION in the pleading, motion,
15 deposition, transcript, or other paper was produced subject to this Protective Order by a disclosing
16 party other than the party filing such paper, and the party desires to file the paper under seal solely
17 to comply with its obligations under this Protective Order, the application shall state that the
18 information was produced subject to this Protective Order, and that the party is filing the application
19 to maintain the information in confidence pursuant to this Protective Order.  The party filing the
20 paper containing the CONFIDENTIAL INFORMATION and the application shall promptly serve
21 the application on the disclosing party.  The disclosing party shall have five (5) calendar days to file
22 with the Court a supplemental application to maintain the paper containing its CONFIDENTIAL
23 INFORMATION under seal.

24      (b)     Pending the magistrate judge's ruling on the application to file a paper under seal,
25 the paper containing the CONFIDENTIAL INFORMATION shall be lodged with the Court in
26 sealed envelopes or containers marked with the caption of the case, a general description of the
27 contents of the envelope or container and a legend substantially in the following form:
28

**"CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT ORDER – TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."**

Upon an order of the magistrate judge permitting the paper to be filed under seal, the document shall be filed and kept under seal by the Clerk of the Court until further order of this Court. If the application to seal is denied, the lodged information will be returned to the party submitting the application to seal.

(c) The party filing the paper containing the CONFIDENTIAL INFORMATION may simultaneously (or soon thereafter) file a public version of the paper with the CONFIDENTIAL INFORMATION, including any OUTSIDE COUNSEL ONLY INFORMATION, redacted, and the complete unredacted documents as well as the redacted documents shall be furnished to the outside counsel for the parties.

23. Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of such information for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

24. Documents or information designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall be maintained in the custody of counsel for the parties except that: (a) any court reporter who transcribes testimony given in these actions may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of these documents may be retained by persons entitled to access of such documents under the terms of this Order to the extent necessary for their study, analysis and preparation of the case. A person with custody of documents designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

25.   Should any document or information designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Order; and shall (a) promptly inform such person of all the provisions of this Order; (b) request such person to sign the agreement in the form attached hereto as Exhibit A; and (c) identify such person immediately to the disclosing party that designated the document as confidential. The executed agreement shall promptly be served upon the party that designated the document as confidential.

26.   Where discovery is provided by allowing access to the documents or tangible things for inspection instead of delivering copies of them, all items being inspected shall be deemed OUTSIDE COUNSEL ONLY INFORMATION until the party allowing access to them indicates otherwise in writing or delivers copies of them to the party seeking discovery with no "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" designation. If a party believes that inspection, measuring, testing, sampling, or photographing of that party's processes, products, equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL ONLY INFORMATION, that party shall advise in advance the party seeking such discovery that the inspection, measuring, testing, sampling, or photographing will be permitted only on a confidential basis, and that the information discovered, and any information derived from that information, shall be treated as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL ONLY INFORMATION.

27.   The purpose of this Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

28.   The terms of this Order shall in no way affect a disclosing party's right to (a) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or the work-product doctrine, or (b) reveal or disclose to anyone any documents or information designated by that party as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY."

1  Where a receiving party designates a document "CONFIDENTIAL" or "OUTSIDE COUNSEL
2  ONLY" solely because it contains the confidential information of a disclosing party (for example, in
3  a pleading or brief), nothing limits the disclosing party from showing the designated document to
4  anyone; such documents will be designated to identify the party whose confidential information is
5  contained therein in addition to the confidentiality designation, for example, "CONFIDENTIAL –
6  CONTAINS LUCENT DESIGNATED INFORMATION."
7         29.    The restrictions and obligations set forth herein relating to information designated
8  "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall not apply to any information which:
9  (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the
10  Court rules, has become public knowledge other than as a result of disclosure by a receiving party,
11  its employees or agents in violation of this Protective Order; or (c) has come into a receiving party's
12  legitimate possession independently of the producing party.  Such restrictions and obligations shall
13  not be deemed to prohibit discussions with any person of any information designated
14  "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" if that person already has or obtains
15  legitimate possession thereof.  Legitimate possession does not include obtaining confidential
16  information from a person disclosing such information in violation of a non-disclosure or other
17  confidentiality agreement.
18         30.    Unless counsel agrees otherwise in writing, within sixty (60) days of the final
19  disposition of this action including any appeals, the attorneys for the parties shall return promptly to
20  the disclosing party or witness from whom they were obtained, all documents, other than attorney
21  work-product, which have been designated "CONFIDENTIAL" or "OUTSIDE COUNSEL
22  ONLY," or destroy same; and return or destroy all copies made thereof, including all documents, or
23  copies provided by a receiving party to any other person.  Notwithstanding the foregoing, counsel
24  for the parties shall be permitted to retain a file copy of materials created during the course of the
25  litigation, or made part of the record, or which have been filed under seal with the Clerk of the
26  Court and a copy of all depositions, including exhibits, and deposition evaluations.  Such file copies
27  must be maintained under the conditions of "OUTSIDE COUNSEL ONLY" documents as set out
28  in paragraph 8.  At the conclusion of this 60-day period, an in-house counsel designated under

1   paragraph 16 shall represent in writing under penalty of perjury that to his or her knowledge and

2   belief the company has either returned or destroyed all confidential information in accordance with

3   this order.

4       31.    In the event any person or receiving party having possession, custody or control of

5   any document or information produced in these actions and designated "CONFIDENTIAL" or

6   "OUTSIDE COUNSEL ONLY" by a disclosing party receives a subpoena or other process or order

7   to produce such information, such subpoenaed person or entity shall notify by mail the attorneys of

8   record of the disclosing party claiming such confidential treatment of the document sought by such

9   subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or

10  other process or order, and shall cooperate with respect to any procedure sought to be pursued by

11  the party whose interest may be affected.  The disclosing party asserting the confidential treatment

12  shall have the burden of defending against such subpoena, process or order.  The person or party

13  receiving the subpoena or other process or order shall be entitled to comply with it except to the

14  extent the disclosing party asserting the confidential treatment is successful in obtaining an order

15  modifying or quashing it.

16      32.    This Court retains jurisdiction even after termination of this action to enforce this

17  Order and to make such amendments, modifications, deletions and additions to this Protective Order

18  as the Court may from time to time deem appropriate.  The disclosing parties reserve all rights to

19  apply to the Court at any time, before or after termination of these actions, for an order:  (i)

20  modifying this Protective Order, (ii) seeking further protection against discovery or use of

21  CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, or

22  other documents or information, or (iii) seeking further production, discovery, disclosure, or use of

23  claimed CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY

24  INFORMATION, or other documents or information.

25      33.    If a disclosing party inadvertently discloses information that is privileged or

26  otherwise immune from discovery, the disclosing party shall promptly upon discovery of the

27  disclosure so advise the receiving party in writing and request that the item or items of information

28  be returned, and if that request is made, no party to these actions shall thereafter assert that the

1   disclosure waived any privilege or immunity.  It is further agreed that the receiving party will return
2   or destroy the inadvertently produced item or items of information, and all copies and derivations,
3   within five (5) business days of the earliest of (a) discovery by the receiving party of the inadvertent
4   production, or (b) the receiving party receiving a written request for the return of the information.
5   The party having returned the inadvertently produced item or items of information may thereafter
6   seek production of the information in accordance with the Federal Rules of Civil Procedure.
7   However, the inadvertent production of privileged or otherwise protected materials cannot be a
8   basis for seeking production.

9         34.    If the discovery process calls for the production of information that a party does not
10  wish to produce because the party believes its disclosure would breach an express or implied
11  agreement with a non-party to maintain such information in confidence, the disclosing party shall
12  give written notice to the non-party that its information is subject to discovery in this litigation, and
13  shall provide the non-party with a copy of this Protective Order.  Written notice shall be made by
14  facsimile.  When such written notice is given to the non-party, the disclosing party will advise the
15  potential receiving party that such notice has been given.  The non-party shall have fourteen (14)
16  calendar days from receipt of the written notice in which to object to the disclosure in writing, if the
17  non-party so desires.  If the fourteen (14) calendar days elapse without the third party objecting to
18  the disclosure, the requested information shall be produced in accordance with the terms of this
19  Protective Order.  If the non-party objects, no disclosure shall be made unless the non-party
20  subsequently authorizes disclosure in writing or by court order.  The requesting party may move the
21  Court for an order to compel the non-party to produce or allow production of the information.

22        35.    It is understood that no person or party shall incur liability with respect to any
23  disclosure by the receiving party of CONFIDENTIAL INFORMATION, including OUTSIDE
24  COUNSEL ONLY INFORMATION, that was inadvertently disclosed without proper designation
25  by the disclosing party, provided the disclosure by the receiving party occurred prior to the receipt
26  by the receiving party of a notice of the inadvertent disclosure without proper designation.

27
28

1    36.    For good cause shown or in recognition of public policy considerations, the Court may modify or vacate this Order and/or any order that the filing of an item with the Court be or remain under seal.

37.    This Order and any orders entered by the Court permitting materials to be filed and maintained under seal shall survive the termination of this case.  The Court's jurisdiction over this Order and any orders permitting materials to be filed and maintained under seal shall survive the termination of the case.

**IT IS SO STIPULATED:**

Dated: July 30, 2007              By:  /s/ Alison P. Adema
                                  Alison P. Adema, Esq. (SBN 149285)
                                  HAHN & ADEMA
                                  501 West Broadway, Suite 1600
                                  San Diego, California 92101
                                  Telephone: 619-235-2100
                                  Facsimile: 619-235-2101

                                  Attorneys for *Lucent Technologies Inc.;*
                                  *Multimedia Patent Trust* and *Alcatel-Lucent*

Dated: July 30, 2007              By:  /s/ Shekhar Vyas
                                  John E. Gartman (SBN 152300)
                                  Christopher S. Marchese (SBN 170239)
                                  Shekhar Vyas (SBN 229853)
                                  FISH & RICHARDSON P.C.
                                  12390 El Camino Real
                                  San Diego, California 92130
                                  Telephone:  (858) 678-5070
                                  Facsimile:   (858) 678-5099

                                  Attorneys for *Microsoft Corporation*

## DECLARATION OF CONSENT

I, Shekhar Vyas, hereby attest:

1. Concurrence in the filing of the following document has been obtained from Alison Adema, counsel for Lucent Technologies; Multimedia Patent Trust and Alcatel-Lucent, which shall serve in lieu of her signature on the document.

Dated:_July 30, 2007          /s/ Shekhar Vyas
                              Shekhar Vyas (SBN 229853)

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 30, 2007

_____
Judge of the District Court

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES INC., <br><br>       Plaintiff, <br><br>       v. <br><br> MICROSOFT CORPORATION, <br><br>       Defendant. | Case No. 06-CV-0684 H (CAB) <br><br> **AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER IN CASE NO. 06-CV-0684 B (CAB) BETWEEN MICROSOFT CORPORATION, LUCENT TECHNOLOGIES, ALCATEL-LUCENT, AND THE MULTIMEDIA PATENT TRUST** |
| MICROSOFT CORPORATION, <br><br>       Counter-claimant, <br><br>       v. <br><br> LUCENT TECHNOLOGIES INC., <br><br>       Counter-defendant. | |

1   The undersigned hereby acknowledges that he (she) has received and read the
2   Protective Order entered in the United States District Court for the Southern District of California
3   on _____, in connection with the above-captioned actions, and understands its
4   terms and agrees to be bound by each of those terms.  Specifically, and without limitation upon
5   such terms, the undersigned agrees not to use or disclose any confidential information made
6   available to him (her) other than in accordance with said Order.  The undersigned further submits
7   to jurisdiction of this Court for purposes of the Protective Order in these actions.

Dated: _____

By:   _____
      (signature line)

      _____
      (type or print name of individual)

Of:   _____
      (name of employer)