| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | SOUTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| 10 | MULTIMEDIA PATENT TRUST, | Case No. 06-CV-0684 H (CAB) |
| 11 | Plaintiff, | |
| 12 | v. | **AMENDED PROTECTIVE ORDER CONCERNING THE PRODUCTION OF ELECTRONIC SOURCE CODE PURSUANT TO JOINT MOTION BY MICROSOFT CORPORATION, LUCENT TECHNOLOGIES, INC., ALCATEL-LUCENT, AND MULTIMEDIA PATENT TRUST** |
| 13 | MICROSOFT CORPORATION, | |
| 14 | Defendant. | |
| 15 | MICROSOFT CORPORATION, | |
| 16 | Counter-claimant, | |
| 17 | v. | |
| 18 | LUCENT TECHNOLOGIES INC., ALCATEL-LUCENT, and MULTIMEDIA PATENT TRUST, | |
| 19 | | |
| 20 | Counter-defendants. | |

1  Each party, through its respective outside counsel of record, and subject to the approval
2  of the Court, agrees to the following procedures for the production of electronic source code:

3  1. Microsoft, Lucent, and Alcatel-Lucent (each a "Producing Party") shall make all
4  produced source code available for inspection by the other parties to this litigation (each an
5  "Inspecting Party") as electronic source code. "Electronic source code" means the electronic
6  version of source code in the form in which it is kept in the ordinary course of business by the
7  owner, with directory structure, file structure, and version control information intact, to the
8  extent such information exists.

9  2. The Producing Parties shall make the electronic source code available for
10 inspection on a secure computer located in a secure room at the following locations:

11  a. In the case of electronic source code produced by Microsoft, the secure
12 computer shall be located at the San Diego office of Fish & Richardson P.C., 12390 El Camino
13 Real, San Diego, CA 92130.

14  b. In the case of electronic source code produced by Lucent and Alcatel-
15 Lucent, the secure computer shall be located at the New York office of Kirkland & Ellis LLP,
16 153 East 53rd Street, New York, NY 10022.

17  3. Each secure computer shall be configured as follows:

18  a. Each secure computer shall, at a minimum, include a color video monitor,
19 a keyboard, a mouse, and an attached printer for printing electronic source code analyses. Each
20 secure computer shall also have installed the standard Microsoft Windows XP installation,
21 including the Wordpad and Notepad applications. The secure computer shall contain at a
22 minimum an Intel Pentium family processor with a 500 megahertz or higher processor clock
23 speed, 256 megabytes of RAM, and sufficient hard drive space to accommodate the Windows
24 XP installation, the electronic source code, Microsoft Visual Studio and Microsoft SourceSafe.
25 The Producing Party shall act in good faith to ensure that its secure computer is fully functional
26 before any inspection.

27  b. Each secure computer shall have the electronic source code stored on a
28 hard drive contained inside the secure computer.

1         c.      The Producing Party shall install Microsoft Visual Studio and Microsoft
2 Source Safe on each secure computer.  The Producing Party will also install a directory print
3 tool, a file compare tool, and the following tools provided they may not be used to edit or alter
4 the electronic source code:  vim, ctags, and grep.  All software will be installed by the Producing
5 Party.

6         d.      The Inspecting Party shall be entitled to print any source code searches or
7 analyses it may run on the secure computer using any installed software and take with it from the
8 secure room any such printouts.  All such printouts must be Bates labeled and marked
9 "Confidential - Outside Counsel Only."  The Producing Party may not read, review, or keep a
10 copy of any such printouts.  Other than these searches and analyses, the Inspecting Party shall
11 not print any electronic source code.

12         e.      Each secure computer shall be configured so that no Producing Party or
13 other party may monitor or determine, directly or indirectly, (i) the portions of source code
14 viewed by the Inspecting Party or (ii) the parameters or results of any searches or analyses
15 performed by the Inspecting Party.

16         f.      Each secure computer shall be configured so that it will be unable to send
17 or receive email, and shall not have the ability to copy documents or information to a location
18 outside the secure computer, except for the printing of electronic source code searches and
19 analyses per paragraph 3.d.  The Inspecting Party shall not attempt to send or receive email from
20 the secure computer, and shall not attempt to copy documents or information from the secure
21 computer to a location outside the secure computer, except for the printing of electronic source
22 code searches and analyses per paragraph 3.d.

23     4.      In the event that the Inspecting Party requests that the Producing Party produce
24 portions of the electronic source code to the Inspecting Party, the Inspecting Party shall identify
25 such portions to the Producing Party.  If the requested portions constitute 3000 or fewer pages,
26 the Producing Party shall provide to the Inspecting Party, within two business days of the day on
27 which the code is requested, a CD-ROM or DVD containing in PDF format copies of the
28 requested portions of the source code with production numbers.  If the requested portions

1  constitute more than 3000 pages, the Producing Party shall provide the Inspecting Party with the
2  requested copies at a rate of 3000 pages per business day (on a CD-ROM or DVD in PDF
3  format) starting on the second business day following the day on which the request was made by
4  the Inspecting Party.  Any source code files or portions of files produced in PDF format shall
5  include an identification (by trade name, version number, directory name, and file name) of the
6  software to which the source code belongs.

7       5.    Each secure room shall be of reasonable size to accommodate comfortably six
8  people, and shall include a conference table and seating for six people.

9       6.    The Producing Party shall have the right to lock its secure room when the
10 Inspecting Party is not in it.

11      7.    Except for the Producing Party and its authorized representatives, only Outside
12 Litigation Counsel and Authorized Experts of the parties shall have access (as detailed in
13 paragraph 9) to each secure room and the electronic source code contained on each secure
14 computer.  Outside Litigation Counsel and Authorized Experts shall only have access to each
15 secure room and the electronic source code contained on each secure computer for the purposes
16 of this litigation and shall not use the electronic source code for any other purpose.  The
17 Inspecting Party shall not be allowed to bring into the room any electronic storage media that is
18 capable of being used to retrieve and store the electronic source code, including cameras.  The
19 Inspecting Party may, however, bring into, and use in, the secure room cell phones (including
20 cell phones containing a built-in camera), Blackberries, laptops, or other similar devices.  The
21 Inspecting Party shall not take photographs of any electronic source code.

22      8.    The Inspecting Party must submit a current sign-in/sign-out log by email to the
23 Producing Party within one day after the inspection of the secure computer takes place
24 identifying the date and the names of all person who inspected the secure computer on that date.

25      9.    Each Inspecting Party may designate up to a total of five (5) Authorized Experts
26 to access and use the Producing Party's secure room and electronic source code, provided,
27 however, that no more than one Authorized Expert accesses the secure room and electronic
28 source code at a time.  Only those outside experts or consultants of an Inspecting Party who are

1 permitted to review OUTSIDE COUNSEL ONLY information under the requirements of the
2 Stipulated Protective Order entered by the Court on December 12, 2006, may be designated to
3 serve as Authorized Experts.  Any such outside expert or consultant who will be designated to
4 serve as an Authorized Expert must sign the Confidentiality Agreement attached as Exhibit A
5 hereto before accessing any electronic source code stored on a Producing Party's secure
6 computer.  A copy of each signed Confidentiality Agreement shall be filed with the Court and
7 served on the other parties.  Upon filing and service of a signed Confidentiality Agreement, the
8 outside expert or consultant shall be an Authorized Expert authorized to access each secure room
9 and inspect the electronic source code stored on each secure computer.  Notwithstanding the
10 foregoing, any expert may review and continue to review any source code produced by a
11 Producing Party from the secure computer in PDF format without signing the Confidentiality
12 Agreement attached as Exhibit A, provided that such expert has complied with the provisions of
13 the Stipulated Protective Order entered by the Court on December 12, 2006.

14       10. The Inspecting Party's Outside Litigation Counsel and its Authorized Expert shall
15 be entitled to inspect each secure computer and the electronic source code stored thereon during
16 normal business hours, 9 A.M. to 6 P.M. local time, Monday through Friday (excluding
17 holidays), and other days and/or times upon reasonable request.  The Inspecting Party shall
18 provide the Producing Party with at least 1½ business days' notice by email and facsimile to a
19 designated representative(s) that it will be sending its Authorized Expert and/or Outside
20 Litigation Counsel to review the electronic source code stored on the Producing Party's secure
21 computer, including identification of any such persons.

22       11. No Producing Party or other party (including any of their employees, attorneys,
23 agents, or anyone else acting on their behalf) may be present in the secure room during any
24 inspection by the Inspecting Party's authorized representatives, and the secure room shall be free
25 of any listening or recording devices.

26       12. At the start of each secure computer inspection, each Producing Party shall
27 provide the Inspecting Party with an up-to-date index of the electronic source code that is stored
28 on its secure computer, unless no new source code has been added to the source code computer,

1  in which case the Producing Party shall so advise the Inspecting Party. The index shall identify
2  by trade name and version number each piece of software whose source code is stored on the
3  secure computer, and for each such piece of software shall identify the directories on the secure
4  computer in which the corresponding source code may be found. At the start of each secure
5  computer inspection, each Producing Party shall also provide the Inspecting Party with an up-to-
6  date list of all software installed by the Producing Party on its secure computer. The Producing
7  Party shall not remove any source code or software from its secure computer during the
8  pendency of this litigation (including any appeals).

9  13.  All electronic source code shall be designated as "OUTSIDE COUNSEL ONLY"
10 under the Stipulated Protective Order entered by the Court on December 12, 2006. Access to the
11 secure room or any electronic source code shall be limited to Outside Litigation Counsel and
12 Authorized Experts only. Except for the Producing Party, none of parties' in-house counsel or
13 patent prosecution counsel may have access to any secure room or any electronic source code
14 stored on any secure computer.

15 14.  Each Producing Party shall make its secure computer containing its electronic
16 source code available at trial and at depositions of persons authorized to review the source code,
17 but the Inspecting Party must give the Producing Party at least five business days' notice by
18 email and facsimile to a designated representative(s) that it would like the secure computer made
19 available at trial or at a deposition.

20 15.  This Order is subject to further court order based upon public policy or other
21 considerations and the Court may modify this Order *sua sponte* in the interests of justice.

22 16.  Any Lucent expert otherwise subject to a Confidentiality Agreement Concerning
23 Production of Electronic Source Code pursuant to the provisions of the November 14, 2005
24 Stipulated Protective Order in Case No. 02-CV-2060 B (CAB) is hereby released from Paragraph
25 1 of that Agreement, and any restrictions imposed by Paragraph 1 are hereby extinguished.
26 Further, Microsoft agrees that it will not seek to enforce the provisions of Paragraph 1 against
27 any Lucent signatory.

28

1 | **IT IS SO STIPULATED:**

3 | Dated:  November 19, 2007   By:        /s/ David A. Hahn
David A. Hahn, SBN 125784
HAHN & ADEMA
Suite 1600
501 West Broadway
San Diego, California 92101
Telephone: 619-235-2100
Facsimile: 619-235-2101

Attorney for *Lucent Technologies Inc., Alcatel-Lucent,* and *Multimedia Patent Trust*

Dated:  November 19, 2007   By:      /s/ John E. Gartman  (by permission)
John E. Gartman (SBN 152300)
Christopher S. Marchese (SBN 170239)
Shekhar Vyas (SBN 229853)
FISH & RICHARDSON P.C.
4350 La Jolla Village Drive, Suite 500
San Diego, California 92122
Telephone:  (858) 678-5070
Facsimile:    (858) 678-5099

Attorneys for *Microsoft Corporation*

## ORDER

This order supersedes the Stipulated Protective Order regarding electronic source code signed by Judge Huff on March 28, 2007.

**PURSUANT TO THE JOINT MOTION, IT IS SO ORDERED.**

Dated: November 19, 2007

_____
Marilyn L Huff, District Judge
United States District Court

_____

Copies to: All parties of Record.

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 06-CV-0684 H (CAB)<br><br>**CONFIDENTIALITY AGREEMENT CONCERNING PRODUCTION OF ELECTRONIC SOURCE CODE** |
| MICROSOFT CORPORATION,<br><br>    Counter-claimant,<br><br>    v.<br><br>LUCENT TECHNOLOGIES INC., ALCATEL-LUCENT, and MULTIMEDIA PATENT TRUST,<br><br>    Counter-defendants. | |

1.      The undersigned agrees that the undersigned will neither (a) divulge the contents of the Producing Party's electronic source code viewed by the undersigned to anyone not permitted to receive such contents under the Stipulated Protective Order entered in this case on December 12, 2006, nor (b) attempt to put to commercial use or personal gain any application of the Producing Party's electronic source code.  In addition, the undersigned agrees that the undersigned will only use the contents of any Producing Party's electronic source code in the strict context of the subject litigation.

2.      Upon conclusion of the litigation, including any appeals, the undersigned agrees to destroy all notes and work product concerning any electronic source code of the Producing Party accessed by the undersigned on the secure computer or any other documents designed "Outside Counsel Only."  The undersigned further agrees to destroy any and all copies of such source code in his or her possession, custody, or control at that time.

3.      The undersigned consents to the personal jurisdiction of this Court.

4.      The undersigned declares under penalty of perjury that the undersigned has complied and will comply with all provisions of this Agreement.


Dated: _____


By:     _____
        (signature line)

        _____
        (type or print name of individual)

Of:     _____
        (name of employer)