UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENT TECHNOLOGIES, INC.; and MULTIMEDIA PATENT TRUST,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　　　　　　Defendant.<br><br>And related counterclaim. | Civil No.　06cv0684-H (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE**<br><br>**[Doc. No. 394]** |

　　　　On March 5, 2008, Multimedia Patent Trust ("MPT") and Lucent filed a Motion to Strike Microsoft's Fifth Supplemental Initial Disclosures and the Fifth Supplemental Expert Report of Dr. Adam Porter. [Doc. No. 394.] Microsoft filed an opposition to the motion on March 7, 2008. [Doc. No. 402.] MPT and Lucent filed a reply on March 9, 2008. [Doc. No. 403.] The matter was referred to the undersigned, and the Court heard argument on the motion on March 17, 2008. Todd Friedman, Esq., Karen Robinson, Esq., and Jonas McDavit, Esq., appeared for MPT. Lisa Kelly, Esq., appeared for Lucent. Chris Marchese, Esq., Shekhar Vyas, Esq., and Ray Scott, Esq., appeared for Microsoft. Having consider the submissions of the parties and the arguments of counsel, the motion is GRANTED in part and DENIED in part.

///

///

**A. Microsoft's Fifth Supplemental Initial Disclosure**

Microsoft's Fifth Supplemental Initial Disclosure was served on February 27, 2008. Microsoft identifies four witnesses in this supplemental disclosure whom MPT and Lucent contend were previously unknown to them or were not identified during discovery as potential witnesses in this case. Discovery closed on February 1, 2008. MPT and Lucent claim prejudice by this late disclosure of these individuals and move to preclude them from offering testimony at trial.

Three of these potential witnesses[1] provided translations of Japanese art relied upon by Microsoft's expert Dr. Jerry Gibson regarding the validity of the '878 patent. MPT and Lucent acknowledge that the translated references and the certificates identifying the translators were provided "before the discovery deadline passed." (Mot. to Strike at 2, n.3.) The translators were, therefore, not unknown to MPT and Lucent prior to the close of discovery and could have been subpoenaed if the accuracy of their translations is a matter of concern. Microsoft's inclusion of these individuals as potential witnesses, should the accuracy of their translations be raised as an issue, has not prejudiced MPT or Lucent. The motion to strike them is DENIED.

The forth individual, Mr. Barry Steinglass, was deposed by Lucent in June 2006, during prior litigation between these parties when he was an employee of Microsoft. In October 2007, MPT and Lucent sought to depose Mr. Steinglass with regard to the current litigation. Microsoft responded that Mr. Steinglass was no longer employed by it, that he left shortly after his first deposition and would have no new information to offer regarding the subject of his first deposition, Xbox Codecs. Microsoft, therefore, took the position that it would be unduly burdensome to recall this non-party for deposition, refused to provide him and offered an alternative witness. Furthermore, Microsoft did not include Mr. Steinglass as a witness on its initial disclosures or the four supplemental disclosures that followed. MPT and Lucent, therefore, elected not to pursue any further deposition of Mr. Steinglass, through Microsoft or by subpoenaing him directly.

///

---

[1] The identified translators are Kathleen Krapfl, Alice Kin and Donald W. Hanley.

Microsoft finally identified Mr. Steinglass as a witness in its fifth supplemental initial disclosure. Mr. Steinglass then appeared as a potential fact witness regarding Xbox 360 sales, marketing and technology. MPT and Lucent now move to preclude Mr. Steinglass from *testifying in person*, because he was not previously identified as a potential witness and not made available for deposition. MPT and Lucent, however, identified deposition testimony given by Mr. Steinglass in the former case, as testimony they may seek to enter at trial in this case.

MPT and Lucent's motion to preclude Mr. Steinglass from testifying at trial is GRANTED in part and DENIED in part. Mr. Steinglass provided testimony in the former litigation about Xbox technology. Microsoft represented to MPT and Lucent that Mr. Steinglass would have nothing new to offer that had not been the subject of his first deposition. Microsoft's recent identification of Mr. Steinglass as a witness on subjects not covered by his first deposition is therefore untimely and prejudicial to MPT and Lucent. Mr. Steinglass cannot testify with regard to topics not covered in his deposition.

MPT and Lucent indicated that they intend to offer portions of the deposition of Mr. Steinglass at trial. If MPT and Lucent introduce testimony from Mr. Steinglass in their case, unless the trial court orders otherwise, Microsoft is not precluded from having Mr. Steinglass appear in person to testify within the scope of the offered deposition testimony. With that limitation, the motion to preclude Mr. Steinglass from testifying at trial on the subjects of his former deposition is DENIED.

**B. Fifth Supplemental Expert Report of Dr. Adam Porter**

On February 29, 2008, Microsoft served the Fifth Supplemental Expert Report of Dr. Adam Porter. Lucent objects to this fifth supplement as untimely and advancing a new theory of infringement not previously disclosed. Microsoft counters that the supplement is the result of a deposition of IBM taken pursuant to a timely served subpoena. Dr. Porter's supplement opines on IBM's use of Vital Suite.

The motion to exclude the Fifth Supplemental Expert Report of Dr. Porter is DENIED. Microsoft will make Dr. Porter available for deposition on the supplemental opinions presented in his fifth report. Lucent's expert may serve a supplemental rebuttal report to the opinions presented

in Dr. Porter's fifth expert report and, if requested, will make the rebuttal expert available for deposition on his rebuttal opinions.

**IT IS SO ORDERED**.

DATED: March 18, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge